UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>           Plaintiff,<br>vs.<br><br>KIRBY II PARK NORTH, LLC,<br>an Indiana Limited Liability Company,<br><br>and<br><br>1001-1075 THIRD AVENUE, LLC,<br>an Indiana Limited Liability Company,<br><br>           Defendants.<br>_____ | CASE NO.:  1:26-cv-383 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues KIRBY II PARK NORTH, LLC, an Indiana Limited Liability Company and 1001-1075 THIRD AVENUE, LLC, an Indiana Limited Liability Company, or injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the ADA.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.     Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair or walker depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, KIRBY II PARK NORTH, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is a joint owner and/or operator of the real property and improvements, which are the subject of this action, to wit: the "Property", generally located at 1033 3rd Ave SW, Carmel, IN 46032. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, 1001-1075 THIRD AVENUE, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is a joint owner and/or operator of the real property and improvements, which are the subject of this action, to wit: the "Property", generally located at 1033 3rd Ave SW, Carmel, IN 46032. Defendant is responsible for complying with the obligations of the ADA.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property, a mixed-use plaza, is open to the public and provides goods and services to the public.

11. Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years and attempted to utilize the goods and services offered at the Property because he enjoys the mix of stores located there and it is near friends and business associates in the area. Plaintiff last visited the Property mid-February 2026, and plans to return to the Property in the near future to shop at the stores located there.

12. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

13. MR. TOOLEY continues to desire to visit the Property for its mix of stores, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

14. Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

  A. Plaintiff encountered an inaccessible parking lot serving the Property due to a shortage of parking spaces reserved exclusively for disabled use. Specifically, there are over 200 total parking spaces provided throughout

    the lot but only four (4) are intended for disabled use. Of these, none are fully accessible.

B. Plaintiff encountered numerous intended ADA parking spaces throughout the Property which were not accessible due to a failure to identify the spaces with any accessible signage and faded paint lines on the ground. These issues made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

C. Plaintiff encountered that three (3) of the four (4) intended ADA parking spaces at the Property lacked an adjacent access aisle. These conditions made it difficult and dangerous for Plaintiff to utilize these parking spaces or safely transfer from/to his vehicle from these spaces.

D. Additionally, each of the intended ADA parking spaces is obstructed by built-up curb ramps which protrude into their area causing slopes in excess of 1:48. They also have large cracks and pothole damage in the pavement. These conditions made it difficult and dangerous for Plaintiff to utilize these parking spaces or safely transfer from/to his vehicle from these spaces.

E. Plaintiff encountered that each of the curb ramps throughout the Property are inaccessible due to steep running slopes, side flare slopes, lack of smooth transitions and, as noted above, because several of them protrude into the intended ADA parking spaces. These issues made it difficult and

       dangerous for Plaintiff to maneuver over the ramps throughout the Property using his wheelchair.

    F.    Plaintiff encountered that the restroom located within the Carmel Old Town Antique Mall tenant space at the Property is inaccessible due to the flush handle of the toilet being located on the far wall side where it is not within reach range for a person in a wheelchair. These issues made it difficult and dangerous for Plaintiff to safely use the restroom at the Property.

    G.    Plaintiff encountered that several merchandise areas within the Carmel Old Town Antique Mall tenant space at the Property are inaccessible due to sections that can only be reached via steps and other areas where the clear width of the walkways are crowded with merchandise. These issues made it difficult and inconvenient for Plaintiff to reach these sections of the store.

15.    Plaintiff has visited the Property described herein and encountered numerous barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

16.    Independent of his intent to return as a patron to the Property because he enjoys the mix of stores located there and its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants, and requests the following injunctive and declaratory relief:

A.  That the Court declares that the Property owned, leased and/or operated by Defendants is in violation of the ADA;

B.  That the Court enter an Order directing Defendants to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures.

D.  That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

Dated: February 25, 2026.

                Respectfully Submitted,

By:    *Louis I. Mussman*
       Louis I. Mussman, Esq.
       Bar No. 597155
       Ku & Mussman, P.A.
       18501 Pines Blvd, Suite 362
       Pembroke Pines, FL 33029
       Tel: (305) 891-1322
       Fax: (954) 686-3976
       Louis@KuMussman.com

       and

       Eric C. Bohnet, Esq.
       Attorney No. 24761-84
       Attorney at Law
       6617 Southern Cross Drive
       Indianapolis, Indiana 46237
       Tel: (317) 750-8503
       ebohnet@gmail.com